IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| J.S. | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO.: |
| | : | 4:24-cv-00240-RSB-CLR |
| v. | : | |
| | : | |
| KISHANVB HOSPITALITY, LLC | : | |
| d/b/a MOTEL 6 HINESVILLE, | : | |
| | : | |
| Defendant. | : | |

## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Kishanvb Hospitality, LLC and hereby serves its answer and defenses to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

All or part of Plaintiff's Complaint fails to state a cause of action against Defendant upon which relief can be granted.

### SECOND DEFENSE

No act or omission of this Defendant either proximately caused or contributed to whatever damage Plaintiff may have sustained, and on account thereof, Plaintiff is not entitled to recover from Defendant.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or part by the applicable statute of limitations.

### FOURTH DEFENSE

Defendant pleads all applicable affirmative defenses which they may be required to plead pursuant to and as provided by O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12 (b) and (h) and

incorporate all defensive matters set forth in those statutory provisions herein as if affirmatively set forth and pled. Defendant specifically reserves the right to amend its defensive pleadings and set forth any other defenses as investigation and discovery in the above-captioned matter continues.

## FIFTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant asserts the defenses of assumption of the risk, contributory/comparative negligence, failure of Plaintiff to exercise applicable legal standard care for Plaintiff's own safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

## SIXTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred because Defendant did not act in bad faith in the underlying transaction giving rise to this suit.

## SEVENTH DEFENSE

Plaintiff's claim for attorneys' fees and expenses of litigation, to the extent that it arises under O.C.G.A. § 13-6-11, is barred by the existence of a bona fide dispute as to liability and damages.

## EIGHTH DEFENSE

Plaintiff's damages must be reduced to the extent Plaintiff has failed to properly mitigate her damages.

**NINTH DEFENSE**

Plaintiff failed to join an indispensable party for just adjudication.

**TENTH DEFENSE**

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

**ELEVENTH DEFENSE**

Plaintiff's Complaint states a claim for punitive damages. Such damages, if any, should be capped at $250,000.

**TWELFTH DEFENSE**

The imposition of punitive damages against this Defendant would violate its rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

**THIRTEENTH DEFENSE**

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to defendants in this lawsuit, to the United States and Georgia Constitutions, and the imposition of punitive damages against this Defendant in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

**FOURTEENTH DEFENSE**

Plaintiff's damages, if proven, must be reduced by the amount of fault of all persons or entities who contributed to the alleged injuries.

**FIFTEENTH DEFENSE**

Further answering the numbered paragraphs of Plaintiff's Complaint, Defendant answers as follows:

1.

Admitted.

2.

Defendant denies that it was aware of anyone trafficking Plaintiff for sex at the property identified in the Complaint and denies that it aided anyone in tracking Plaintiff for sex.

3.

Paragraph 3 of Plaintiff's Complaint does not state any factual allegations against Defendant. To the extent a response is deemed necessary, Plaintiff's Complaint and the referenced motion speak for themselves.

4.

Defendant admits that it may be served through its registered agent in accordance with Georgia law.

5.

Admitted.

6.

Admitted upon information and belief.

7.-8.

Paragraphs 7 and 8 of Plaintiff's Complaint do not state any factual allegations against Defendant. To the extent a response is deemed necessary, Plaintiff's Complaint and the alleged cause(s) of action speak for themselves. Except as specifically admitted herein, paragraphs 7 and 8 of Plaintiff's Complaint are denied.

9.-15.

Defendant can neither admit nor deny the allegations in paragraphs 9, 10, 11, 12, 13, 14, and 15 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof and puts Plaintiff on strict proof of same.

16.

Defendant denies that it was aware of Plaintiff selling sex at the property described in the Complaint.

17.-20.

Defendant denies that it was made aware of Plaintiff being raped, assaulted, engaging in commercial sex, or being involved in other crime while at the property identified in the Complaint.

21.

Defendant denies any knowledge of advertisements for plaintiff to perform sex acts utilizing its WIFI network or that it otherwise supported the alleged commercial sex acts as alleged in the Complaint.

22.

Denied.

23.-24.

Defendant denies that it was made aware of Plaintiff being raped, assaulted, engaging in commercial sex, or being involved in other crime while at the property identified in the Complaint.

25.

Denied.

### Response to Count I: TVPRA Claims

26.

Denied.

27.

Denied.

28.

Denied.

29.

Denied.

30.

Denied.

31.

Defendant admits that it employed and managed staff at the property described in the Complaint. Defendant denies that it was made aware of the alleged crimes involving Plaintiff while at the property identified in the Complaint. Except as specifically admitted herein, paragraph 31 of Plaintiff's Complaint is denied.

### **Response to Count II: State Law RICO Claims—In the Alternative**

32.

Denied.

33.

Denied.

34.

Denied.

35.

Denied.

36.

Denied.

37.

Defendant denies that it knowingly "helped" any person known to have "sold Plaintiff for sex." To the extent Plaintiff 37 alleges or implies any other wrongdoing against this Defendant, it is denied.

38.

Denied.

39.

Denied.

40.

Denied.

41.

Denied.

42.

Denied.

43.

Denied.

44.

Denied.

45.

Denied.

46.

Denied.

47.

Denied.

48.

Denied. In further response to paragraph 48 of Plaintiff's Complaint, Defendant denies that Plaintiff identifies any "non-party victims" in her Complaint and denies that it is aware of "other victims" to which Plaintiff may refer and holds Plaintiff to her burden of proof of all allegations against Defendant.

49

Denied.

## Response to Count III: Premises Liability Law

50.

Defendant admits only those duties as established by applicable law.

51.

Denied.

52.

Denied.

53.

Denied.

54.

Defendant admits only those duties as established by applicable law. Except as specifically admitted herein, paragraph 54 of Plaintiff's Complaint is denied.

55.

Denied.

56.

Denied.

57.

Denied.

58.

Defendant admits only those duties as established by applicable law.  Except as specifically admitted herein, paragraph 58 of Plaintiff's Complaint is denied.

59.

Denied.

60.

Denied.

61.

Denied.

**Response to Count IV: Causation and Damages**

62.

Denied.

63.

Denied.

64.

Denied.

65.

Denied.

66.

Paragraph 66 of Plaintiff's Complaint does not state any factual allegations against Defendant.  To the extent a response is deemed necessary, Plaintiff's Complaint speaks for itself, and Defendant denies that it is liable to Plaintiff under any theory alleged.

67.

Denied.

68.

Denied.

69.

Denied.

In response to the paragraph entitled "Prayer for Relief" immediately following paragraph 69 of Plaintiff's Complaint, Defendant denies that it is liable to Plaintiff and denies that Plaintiff is entitled to any relief from this Defendant for any amount, under any theory at law, or in equity.

Each and every allegation contained in Plaintiff's Complaint not specifically addressed above is hereby expressly denied.

WHEREFORE, Defendant, having fully listed its defenses and fully answered Plaintiff's Complaint, prays as follows:

(a) That judgment be entered in favor of Defendant and against Plaintiff;

(b) That the costs of this action, including attorney's fees, be cast against Plaintiff; and

(c) That the Court grant such other and further relief as it may deem just and proper.

**DEFENDANT DEMANDS A TRIAL BY JURY.**

This 13th day of November 2024.

**FREEMAN MATHIS & GARY, LLP**

/s/  Sharon P. Horne
Sharon P. Horne
Georgia Bar No. 159225
SHorne@fmglaw.com
James W. Scarbrough
Georgia Bar No. 628328
James.Scarbrough@fmglaw.com
*Attorneys for Defendant Kishanvb Hospitality, LLC*

100 Galleria Parkway, Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (telephone)

(833) 330-3669 (facsimile)

**CERTIFICATE OF E-SERVICE**

I hereby certify that I have this day electronically submitted the foregoing to the Clerk of Court using the CM/ECF electronic filing system which will automatically send electronic mail notification of such filing to the following counsel of record:

Matthew B. Stoddard, Esq.
THE STODDARD FIRM
1534 N. Decatur Road
Atlanta, GA  30307
matt@legalhelpga.com
*Attorney for Plaintiff*

This 13th day of November 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/  Sharon P. Horne*
Sharon P. Horne
*Attorney for Defendant*