**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| J.S., <br><br> Plaintiff, <br><br> v. <br><br> Kishanvb Hospitality, LLC d/b/a Motel 6 Hinesville, <br><br> Defendant. | CIVIL ACTION NO.: 4:24-cv-00240-RSB-CLR |

# **RULE 26(f) REPORT**

The attorney(s) and/or unrepresented parties listed below certify that:

1) they have read the Court's Rule 26 Instruction Order entered in this case;

2) they have held a conference, in person or telephonically, pursuant to Federal Rule of Civil Procedure 26(f); and

3) they have discussed the case and jointly prepared the following Rule 26(f) Report.

Identify, for each party, the attorney(s) and/or unrepresented parties who attended the Rule 26(f) Conference, the counsel or unrepresented parties who participated in preparing the Rule 26(f) Report, and the date of the Rule 26(f) Conference:

<u>November 25, 2024</u>
<u>Matthew B. Stoddard, Esq., representing Plaintiff</u>
<u>Sharon Horne, Esq., representing Defendant</u>

**I.    INITIAL MATTERS:**

   **A. <u>Jurisdiction and Venue</u>**

   The defendant(s)

   ☐ does    ☒ does not

   contest jurisdiction and/or venue (for multiple defendants, identify which defendants contest jurisdiction and/or venue). If contested, such position is because:

   1) Jurisdiction:

<u>Based on information currently known to defendant.</u>

   2) Venue:

<u>Based on information currently known to defendant.</u>

   **B. <u>Immunity</u>**

   The defendant(s)

   ☐ has raised    ☐ will raise    ☒ will not raise

   an immunity defense based on:

<u>Based on information currently known to defendant.</u>

C. **Stay of Discovery Due to Motion to Dismiss, Transfer, or Remand**

If a motion to dismiss, transfer, or remand has been or will be filed, or if any party will otherwise raise an initial defense including lack of jurisdiction, improper venue, or immunity, state whether the parties wish to delay proceeding with discovery until those issues have been decided. If so, state (i) the earliest a motion to dismiss or transfer will be filed; and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion.

Should any party seek a stay of discovery due to the filing of a motion to dismiss, the party must file a motion to stay and state within the motion whether the other parties join in, consent to, or oppose the motion.

No party intends to request a stay at this time.

**II. SETTLEMENT:**

**A. <u>Settlement Efforts to Date</u>**

The parties state:

☒ They have not yet taken any efforts to resolve this dispute.

☐ They have taken efforts to resolve this dispute, and those efforts generally consisted of:

<u>The parties believe that any efforts to resolve this matter will first require some discovery to take place.</u>

**B. <u>Early Settlement Discussion</u>**

Counsel certify that, as required by the Rule 26 Instruction Order, they have discussed the potential for settlement between themselves and explored early involvement in alternative dispute resolution with their clients, and:

☐ The parties are prepared to discuss settlement with the Court at this time.

☒ The parties will not be prepared to discuss settlement until: **September 25, 2025**.

If the parties will not be prepared to discuss settlement until a later date, explain why, including what, if any, discovery the parties need in order to discuss settlement:

<u>The parties will not be prepared to discuss settlement until after obtaining written discovery from the Hinesville Police, the military, Discover, Motel 6 corporate (the franchisor), health records of Plaintiff, employment records of Plaintiff and after taking some depositions of the Plaintiff, Defendant employees, law enforcement, and other alleged crime victims. Only then will the parties be able to assess the strength of the parties' case.</u>

4

**III. INITIAL DISCLOSURES AND SCHEDULING CONFERENCE:**

**A. <u>Initial Disclosures</u>**

Rule 26(a)(1) disclosures:

☐ have been completed.   ☒ will be completed by **December 16, 2024**.

Unless otherwise ordered, mandatory disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be made within fourteen (14) days of the parties' Rule 26(f) Conference. If any party is requesting additional time to provide disclosures, please explain why:

Additional time is needed due to the holidays.

**B. <u>Scheduling Conference</u>**

As explained in the Rule 26 Instruction Order, the Court may hold a Scheduling Conference (to be attended only by counsel and any unrepresented parties) before entering a Scheduling Order. Ordinarily, the Court will allow appearance via telephone. If any party is requesting that the Court hold a Scheduling Conference prior to the issuance of a Scheduling Order, please state so below:

Not at this time.

If a Scheduling Conference is necessary, it should be held no more than twenty (20) days after the submission of this Report. Should the Court deem a scheduling conference necessary, the parties are available for a Scheduling Conference on the following dates (if any party is not available until after the 20-day time period, please explain why):

December 9 or 13 or 16 by phone or zoom.

**IV. DISCOVERY**

Discovery will proceed more effectively and efficiently if the parties address discovery in the following sequential order:

> First: Accomplishing all fact-based written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure, as well as the subpoena of documents, electronically stored information, and other tangible things from third parties under Federal Rule of Civil Procedure 45(d)(2);
>
> Second: Conducting discovery depositions of fact witnesses who have not been designated as experts;
>
> Third: Making all expert disclosures; and
>
> Fourth: Conducting all expert depositions.

**Unless the parties show good cause to proceed otherwise, the parties <u>must</u> propose discovery deadlines that follow this sequential course. In other words, absent a specific showing of good cause, the parties should not propose one deadline to accomplish all discovery measures. Rather, the parties must propose sequential deadlines by which they shall successively accomplish each of the above four areas of discovery.**

If any party proposes discovery deadlines that do not follow the sequential schedule laid out above, please state the reason(s) why.

<u>The parties agree generally with the format but believe that some additional written discovery may be needed after depositions begin as sometimes deponents mention evidence that can then be requested.</u>

Additionally, pursuant to Local Rule 26.1(d), the parties must complete all discovery within 140 days of the last answer of the defendants named in the original complaint. However, the Court will provide additional time upon a showing of good cause.

If any party proposes discovery deadlines that extend beyond the 140-day period, please state the reason(s) why.

<u>The parties request a much longer discovery track. Counsel for Plaintiff and Defendant have participated in numerous similar cases and have found that it takes extensive time to before government entities such as local police and the military provide records. Further, any mental health records also seem to take substantial periods of time to obtain. And Defendant's franchisor (G6 Hospitality) also seems to take substantial time to produce documents. Depositions typically cannot take place until after the documents are received.</u>

Furthermore, both Plaintiff and Defendant counsel live out of town and the Plaintiff lives out of State.  This will make deposition scheduling a little more challenging due to clearing schedules for driving.

A.  **Fact-Based Written Discovery, Inspections, and Examinations**

   i.   Written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by **February 14, 2025**.

   ii.  The maximum number of interrogatories, including sub-parts, which may be served by any party on any other party, is: Twenty Five.

   If any party seeks to exceed the limit of twenty-five (25) interrogatories set by Federal Rule of Civil Procedure 33(a)(1), please state why:

   N/A

   iii. Will any party seek to conduct any inspections of any land, premises, or other property under Federal Rule of Civil Procedure 34(a)(2) or 45(d)(2)? Yes.

   If yes, please describe the anticipated inspection(s) and state whether the inspection(s) should occur during the expert discovery period rather than during fact-based discovery.

   Plaintiff will seek to inspect the hotel at issue and its security system. Plaintiff seeks to perform this task prior to depositions as the photographs will likely be used at deposition. Plaintiff will also request photographs (headshots) of hotel employees and should Defendant not already have such photographs, then taking those photographs will technically be a request for inspection. The photos are also likely to be used at deposition.

   iv.  Will any party seek to conduct any physical or mental examinations under Federal Rule of Civil Procedure 35? Yes

   If yes, please describe the anticipated examination(s) and state whether the examination(s) should occur during the expert discovery period rather than during fact-based discovery.

   Based on the aniticipated claims for mental health injury, Defendant will likely request a mental health examination. Additional requests may be necessitated as additional information is learned in discovery regarding Plaintiff's claims and alleged injuries.

B. **Depositions of Non-Expert Witnesses**

    i.    Discovery depositions of witnesses who have not been designated as experts will be completed by: **September 25, 2025**.

    ii.    The maximum number of depositions (including all expert and non-expert) that may be taken by a party is: 10.

If any party seeks to exceed the limit of ten (10) depositions set by Federal Rule of Civil Procedure 30(a)(2)(A)(i), please state why:

Plaintiff seeks more than ten depositions as these cases often hinge on the testimony of many individuals. Defendant has not, at this time, agreed to more than ten depositions per side but has agreed to re-assess the issue as discovery develops.

    iii.    Depositions will be limited in duration by Federal Rule of Civil Procedure 30(d)(1), except the depositions of:

N/A

which, by agreement, shall be limited as follows:

N/A

C. **Expert Discovery**

   i. Does the plaintiff(s) anticipate designating, calling, or otherwise relying upon any expert witnesses?  Yes

   ii. Does the defendant(s) anticipate designating, calling, or otherwise relying upon any expert witnesses?  Yes

   iii. Plaintiff(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **September 1, 2025**.

   iv. Defendant(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **September 25, 2025**.

   v. The parties shall conduct any and all discovery depositions of witnesses who have been designated as experts by **November 25, 2025**.

   If any party anticipates any problems regarding expert discovery or any unique circumstances that the Court should be aware of regarding expert discovery, please explain:

   N/A

**D. Agreed Discovery Procedures**

   i.   Unique Circumstances

Are there any facts or circumstances unique to this case that will make fact or expert discovery more difficult or more time consuming? If so, please explain such facts and circumstances and the actions the parties have agreed upon to address them:

None known at this time.

   ii.   Phased Discovery

Does any party propose that discovery be limited or proceed in phases? If so, please list each party making such a proposal and briefly explain the party's proposal:

(Phased discovery denotes discovery into one issue or set of facts first and then discovery into other issues or set of facts at a later time. Phased discovery does not include addressing fact-based discovery first and expert discovery thereafter. As explained above, sequentially addressing fact-based discovery measures first and expert discovery thereafter should be the normal course.)

Plaintiff has agreed not to undertake discovery related to Defendant's financial health (relevant for punitive damages) until later in the discovery period as Defendant does not believe such discovery is appropriate. The parties do not, however, believe that any formal phased discovery is needed.

### E. Third-Party Discovery

Does any party anticipate that it will request a substantial amount of discovery, including the production of documents and other tangible things, from any individual or entity that is not a party to this action?  Yes

If so, please describe (i) any such third party and the discovery to be sought, (ii) any difficulties the parties anticipate in obtaining discovery from the third party, and (iii) whether the third party should participate in the scheduling conference.

Hinesville Police Department – police records of other crimes at the property and body camera footage of same often takes time as police departments often do not initially respond, then want a very particular protective order which it will need time before agreeing to, and only then will it begin looking for and producing police records.

Plaintiff Mental Health Records – also take significant time to produce as the facilities rarely understand the law around production and are reticent to produce.

Plaintiff's Military records – difficult and time consuming to obtain.

Plaintiff medical records, as will be identified through discovery.

Motel 6 Records – Plaintiff contends that corporate Motel 6 (G6 Hospitality) has extensive records related to the Hotel and traditionally has taken time in responding to request including multiple "good faith" correspondence before producing all records.

Defendant anticipates non-party discovery and potential depositions of Plaintiff's associates, family, and employers, as will be identified through the discovery process.

The parties do not think a scheduling conference is necessary but will likely require the signing of certain protective orders for documents from some of the third parties.

F. **<u>Electronically Stored Information</u>**

By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit as specifically required by the Rule 26 Instruction Order. The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.

i. Do the parties anticipate any disagreements about electronic discovery? If so, please explain:

<u>No.</u>

ii. Do the parties anticipate that any special provisions are needed in the Scheduling Order with respect to electronic discovery? If so, please explain:

<u>No.</u>

iii. Do the parties otherwise seek to bring any issue regarding electronic discovery to the Court's attention? If so, please explain:

<u>No.</u>

**G. Privileged, Protected, and/or Confidential Communications and Information**

The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections as required by the Rule 26 Instruction Order.

i. Have the parties reached an agreement regarding the procedures for asserting claims of privilege, confidentiality, or protection? No

If so, please briefly describe such agreement:

The parties are in the process of negotiating a protective order to govern confidential documents in the case.

ii. Are there terms of any agreement regarding privileged, protected, or confidential information that the parties wish to have memorialized in the Scheduling Order?

No

If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

The parties will want the court to sign a protective order but are still in the process of agreeing on the language.

iii. Are there any issues regarding claims of privilege, confidentiality, or protection as to which the parties have been unable to reach an agreement?

Not at this time

If so, please explain:

N/A.

## H. Protected Health Information

i. Do the parties anticipate that this case will involve an individual's medical records and/or protected health information, including any information that may be protected by the Health Insurance Portability and Accountability Act (HIPAA) and/or any state or federal privilege or protection for health information?

Yes

ii. Has any individual whose protected health information could be relevant to this case executed a release allowing for counsel of the opposing party to obtain protected health information directly from health care providers?

No. But the Plaintiff has already obtained medical records that she believes would be relevant and agrees to produce those to the Defendant. Pending review of the above-mentioned records, Defendant anticipates that it may need to obtain additional records.

iii. Have the parties reached any agreements regarding the protection of such information including any agreements regarding the further disclosure of such information?

No – but a tentative agreement has been reached to use a protective order related to the exchange of certain documents and are working on the language of such an order to be considered by the Court.

iv. Are there terms of any agreement regarding protected health information that the parties wish to have memorialized in the scheduling order? No

If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

N/A

v. Are there any issues regarding protected health information as to which the parties have been unable to reach an agreement? Not at this time

If so, please explain:

With the benefit of initial disclosures and written discovery response, additional

issues may need to be addressed at a later date. The parties anticipate working cooperatively to resolve any issues that may arise, but cannot foreclose the need to ask for the Court to assist.

**V. MOTIONS**

    **A. Motions to Amend the Pleadings or to Add Parties**

        i. The plaintiff(s) ☐ does ☒ does not

        anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by **January 13, 2025**.

        ii. The defendant(s) ☐ does ☒ does not

        anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by **January 13, 2025**.

        If there are multiple defendants and less than all defendants anticipate needing to amend pleadings or add parties, please indicate which defendants so anticipate:

        N/A

        iii. By Local Rule 16.3, all motions to amend pleadings or add parties are to be filed within sixty (60) days after the first filing of an answer. If any party is requesting more than this time, please state the reason(s) why such time is necessary.

        The parties do not anticipate needing more time.

    **B. Civil Motions (Except Motions in Limine)**

    All other motions, including motions for summary judgment and motions to exclude expert testimony on *Daubert* and other grounds (but excluding motions in limine), shall be filed by: **December 30, 2025**.

    If any party is requesting a deadline to file motions (other than motions in limine) more than thirty (30) days after the deadline to complete discovery, please state the reason why such time is necessary:

Additional time requested due to holidays and the potential for parties and attorneys to need to confer on such motions as well as potential delays in gathering deposition transcripts and the like due to the holidays.

## VII. ADDITIONAL MATTERS

Please state any other matters to which the parties stipulate and/or which the court should know or consider before entering the Scheduling Order:[1]

<u>None at this time.</u>

Dated: **<u>November 26, 2024</u>**

_____    _____
Pro Se Party (if applicable)            Pro Se Party (if applicable)


<u>/s/  Matthew B. Stoddard</u>              <u>/s/  Sharon Horne</u>
Counsel for Plaintiff(s)                Counsel for Plaintiff(s)

<u>/s/  Click here to enter text.</u>        <u>/s/  Click here to enter text.</u>
Counsel for Plaintiff(s)                Counsel for Plaintiff(s)

<u>/s/  Click here to enter text.</u>        <u>/s/  Click here to enter text.</u>
Counsel for Defendant(s)                Counsel for Defendant(s)

<u>/s/  Click here to enter text.</u>        <u>/s/  Click here to enter text.</u>
Counsel for Defendant(s)                Counsel for Defendant(s)

---

[1] The parties need not include any trial-related matters in this statement.  Following the motions filing deadline and the resolution of any dispositive motions, if this case is still pending, the Court will file its standard Order and Notice of Trial Preparation Requirements.  After consulting with the parties, the Court will issue a Trial Preparation Scheduling Order tailored to the needs of this case.  That order will set the pretrial conference and trial dates as well as deadlines for, amongst other matters, the submission of motions in limine and the joint proposed pretrial order.