UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| J.S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-240 |
| | ) | |
| KISHANVB HOSPITALITY, LLC | ) | |
| D/B/A MOTEL 6 HINESVILLE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff alleges she is the victim of sex trafficking and brings claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA") and state law against the owner and manager of the Motel 6 where she was trafficked. *See generally* doc. 1. She filed her Complaint using her initials, *see generally id.*, and seeks the Court's leave to pursue her claims anonymously, *see* doc. 2. This request includes: (1) anonymity in court filings; and (2) an order directing Defendant to "keep Plaintiff's identity confidential throughout the discovery process and until the Court further addresses the issue with the benefit of a full record." *Id.* at 2. Plaintiff agrees to disclose her name to the Defendant. *Id.* at 2; *see*

*also* doc. 1 at 3. Defendant "does not oppose proceeding initially using only Plaintiff's initials in documents filed with the Court," with the caveat that it anticipates that it "may need to revisit this issue depending on the on the information that is learned in discovery, including other potential claims and non-party discovery." Doc. 12 at 2. Relatedly, Defendant opposes any restriction on conducting discovery using Plaintiff's name and other identifying information to obtain records from parties and non-parties alike. *Id.*

"Lawsuits are public events, and the public has a presumptive right to know the identity of the litigants who use the courts to resolve their disputes." *Freedom From Religion Foundation, Inc. v. Emanuel County School System*, 109 F. Supp. 3d 1353, 1356 (S.D. Ga. 2015) (internal cites and quotations omitted). By rule, "[t]he title of the complaint must name all the parties. . . ." Fed. R. Civ. P. 10(a). This requirement is more than just procedural, as "First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Freedom From Religion Foundation*, 109 F. Supp. 3d at 1356 (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). "Although this creates a strong presumption in favor of parties proceeding in their own names, the rule

2

is not absolute." *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (internal quotations and alterations omitted)). To proceed anonymously, a party must establish "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Stegall*, 653 F.2d at 186).

To determine whether a party's privacy interest outweighs the public's interest in open court proceedings, the Eleventh Circuit has established a two-step test. *See In re: Chiquita Brands International, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020). As the "first step," the Court should analyze three factors, first set forth in *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979) ("*SMU*"): whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution. *In re Chiquita Brands International*, 965 F.3d at 1247 (citing *Plaintiff B*, 631 F.3d at 1316); *see also S. Methodist*,

599 F.2d at 713 (describing the shared characteristics of plaintiffs that have been allowed to proceed using fictitious names) ("The plaintiffs in those actions, at the least, divulged personal information of the utmost intimacy; many also had to admit that they either had violated state laws or government regulations . . . .").

After analyzing these factors, as the second step, the Court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *In re Chiquita Brands International*, 965 F.3d at 1247 (internal quotation marks, citation, and emphasis omitted). The Eleventh Circuit noted in *Chiquita Brands* that, although a court must consider the *SMU* factors, "[i]n practice . . . whether a party's right to privacy overcomes the presumption of judicial openness is a totality-of-the-circumstances question." *Id.* at n. 5. In considering whether proceeding anonymously is appropriate, the Eleventh Circuit has considered "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a

4

unique threat of fundamental unfairness to the defendant." *Plaintiff B*, 631 F.3d at 1316 (citations omitted).

The Court now turns to the first step of its two-step analysis. Plaintiff is not challenging governmental activity, but rather suing a private business entity. *See generally* doc. 1. However, given the nature of the Complaint's allegations, Plaintiff would be compelled to disclose information of the utmost intimacy if she is not permitted anonymity. Plaintiff's Complaint makes direct references to Plaintiff being subjected to human trafficking, physical abuse, rape, imprisonment, and hundreds of instances of sexual assault. Doc. 1 at 4-5. Plaintiff's Complaint further alleges that she was coerced into committing acts that appear to violate state law. *See* doc. 1 at 6; *see also, e.g.*, O.C.G.A. § 16-6-9 ("A person, 18 years of age or older, commits the offense of prostitution when he or she performs or offers or consents to perform a sexual act, including, but not limited to, sexual intercourse or sodomy, for money or other items of value."). Plaintiff's allegations firmly implicate two of the three *SMU* factors.

The Court turns, then, to the specific circumstances of this case to determine whether the Plaintiff's privacy interests outweigh the

presumption of openness. *Plaintiff B*, 631 F.3d at 1316. Plaintiff does not desire to be publicly identified as a sex trafficking victim. Doc. 2 at 2. Plaintiff's motion relies almost entirely upon analogy to *Plaintiff B*, 631 F.3d 1310, to establish that Plaintiff is entitled to the relief she seeks. There are important differences between these cases. The sexually explicit conduct involved in *Plaintiff B* exclusively involved content displaying minors. 631 F.3d at 1312 ("The Plaintiffs in this action are all women who were under the age of eighteen when the relevant events alleged in the Complaint took place."). In contrast, it appears that most or all of the conduct at the heart of this case took place after Plaintiff turned 18, although the Complaint contains some ambiguity. *See* doc. 1 at 4 at ¶ 9-12.

Despite the imperfect analogy, *Plaintiff B* is instructive. 631 F.3d at 1310. At their core, both cases involve allegations of explicit sexual conduct that was achieved through coercion. *See generally* doc. 1; *Plaintiff B*, 631 F.3d at 1312. Here, Plaintiff was allegedly forced into a degrading pattern of sexual, physical, and substance abuse. Doc. 1 at 4-5. As the Fifth Circuit observed in *SMU*, "'Where the issues involved are matters of a sensitive and highly personal nature' … the normal practice

of disclosing the parties' identities 'yields to a policy of protecting privacy in a very private matter.'" 599 F.2d at 712-13 (citing *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont.1974)). Plaintiff has established that her privacy interests outweigh the public's interest in open court proceedings, insofar as it relates to anonymity in Court filings. Therefore, the Court **GRANTS in part** Plaintiff's Motion for Protective Order and Leave to Proceed Via Initials with Brief in Support, doc. 2, allowing Plaintiff to remain anonymous in Court filings. If Defendant finds a "need to revisit this issue depending on the information that is learned in discovery," doc. 12 at 2, it may file a motion to seek modification of this Order.

Plaintiff also seeks an order directing Defendants to "keep Plaintiff's identity confidential throughout the discovery process . . . ." Doc. 2 at 1. Defendant opposes any restrictions on conducting discovery using Plaintiff's full name, date of birth, and other identifying information to obtain records from parties and non-parties. Doc. 12 at 2. Defendant represents that such restrictions "would substantially hinder Defendant's right to conduct broad discovery and defend itself in this case." *Id.* Plaintiff presents no arguments specifically linking her privacy interests to the requested discovery restrictions, points to no

authority to justify extending the anonymity to the discovery process, and provides no insight as to how an anonymous discovery process might work. *See generally* doc. 2. Therefore, the Court **DENIES in part** Plaintiff's Motion for Protective Order and Leave to Proceed Via Initials with Brief in Support, doc. 2, to the extent that it requests restrictions on Defendant's ability to identify Plaintiff in party or non-party discovery, or otherwise provide protections to discovery materials. Either party remains free to file a motion for a protective order to govern any confidentiality of documents or information exchanged in discovery, and the Court encourages the parties to work together to agree on a proposed plan to govern any confidentiality necessary during the discovery process in this case. *See, e.g.*, Fed. R. Civ. P. 26(c); doc. 4 at 4, 5-6; *see also* doc. 13 at 14 (indicating the parties are "in the process of negotiating a protective order to govern confidential documents in this case.").

**SO ORDERED**, this 7th day of January, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA