# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| J.S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-240 |
| | ) | |
| KISHANVB HOSPITALITY, LLC, | ) | |
| d/b/a MOTEL 6 HINESVILLE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Having fully considered the parties' consent protective order and for good cause shown, IT IS HEREBY ORDERED THAT the parties' Joint Motion for Protective Order is **GRANTED**, doc. 26, subject to the following modifications:

(1) The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;

(2) Nothing in this protective order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents; and

(3) Nothing in this protective order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.

The parties' agreed-upon terms are as follows:

1. This Order affords limited protection to certain materials believed by a party or non-party to be confidential. Neither this Order nor any confidentiality designation made pursuant to this Order constitutes a ruling by this Court that any specific information is, in fact, confidential, authentic, or admissible. Instead, all rulings as to whether any material is, in fact, confidential, authentic, and/or admissible are reserved and will be ruled upon pursuant to notice and hearing. This Order does, however, provide a framework for the parties and non-parties to expedite discovery while at the same time claiming that certain material is confidential, and this Order allows the parties and non-parties the ability to preserve their right to seek further protection of allegedly confidential material until a later date when each party has all the information necessary to prepare appropriate arguments.

2. Any party or non-party seeking protection of this Order (the "Designating Party") may designate as "CONFIDENTIAL" portions of information (including documents, depositions, hearing transcripts, affidavits, etc.) which contain:

    a.    trade secrets;

    b.    unpublished financial data, research, technological or business developments;

    c.    confidential business information and other similar commercially sensitive and proprietary information of a non-public nature which is not known to the competitors of the Designating Party and the release of which would cause harm to the Designating Party;

    d.    personal financial information;

    e.    personal identifying information such as social security numbers, driver's license numbers, dates of birth, and tax identification numbers; and

    f.    individually identifiable health information as defined by the Health Insurance Portability and Accountability Act of 1996;

(hereinafter referred to as "the above criteria").

3. To designate Confidential Information for protection under this Order, the Designating Party shall do as follows:

    a.    <u>Documents and Electronic Files:</u> Stamp the word "CONFIDENTIAL" on each page of the document that contains confidential information unless the document is produced in a native format such as an excel spread sheet in which case the Designating Party shall add to word "CONFIDENTIAL" to the end of the file name and alert the receiving parties that certain native confidential documents are being produced.

    b.    <u>Interrogatory Responses:</u> Stamp the word "CONFIDENTIAL" on the page where the confidential

> responses appear, and by indicating on the cover page of the responses that confidential information is contained in the responses.
>
> c. <u>Transcripts:</u>   For deposition testimony or other transcripts, counsel for the deponent, or for a party, may make a statement on the record at the deposition designating a particular question, answer and/or exhibit are confidential.  Where such a designation is made, the original and each copy of the designated portions of the deposition transcript, including any exhibits, shall be separately bound and the transcript of the portion designated as Confidential shall bear the marking "CONFIDENTIAL."

4. No one will blanket stamp their production "CONFIDENTIAL," and everyone agrees to only mark "CONFIDENTIAL" on that material that are believed to meet the above criteria.  Of course, the parties should still follow the redaction rules of Georgia law when filing documentation with the Court.

5. At any time, a party may contest the assertion that any material previously marked as "CONFIDENTIAL" qualifies as meeting one of the above criteria.  Pursuant to this Stipulated Protective Order, the contesting party shall notify in writing counsel for the designating party and identify the material that is contested.  Upon such written notification, the designating party shall have fifteen (15) days to file a *Motion for a Protective Order* with response to the contested material.  So

long as a *Motion for a Protective Order* is filed within fifteen (15) days, the confidentiality of the contested material shall be maintained in accordance with this Protective Order until and unless the Court rules that the contested material is not entitled to such protection. If no Motion for a Protective Order is filed within fifteen (15) days, the previously protected material shall no longer be protected and shall no longer be subject to this Confidentiality Order.

6. A party's attorney may distribute materials protected by this Stipulated Protective Order with the following categories of persons:

    a. the parties in this case and their employees;

    b. the parties' attorneys and members of the legal or support staff of the parties' attorneys including non-employee support staff such as internet technology "IT" persons, investigators, and other similar support staff;

    c. the parties' attorneys off site back up servers which may be owned by third parties but which are stored in an encrypted form;

    d. expert consultants and expert witnesses retained by a party's attorney to assist in the evaluation, preparation, or testimony in the case;

    e. the Court, the Court's personnel, witnesses, and the jury as is required at depositions, hearings and trials;

      f.      Court reporters and other official personnel reasonably required for the preparation of transcripts of testimony or hearings in the case;

      g.      representative(s) of a party's insurer(s);

      h.      a non-party witness in preparation for a deposition; and

      i.      government regulatory agencies.

(hereinafter referred to as "allowed persons").

7. It shall be the responsibility of each Party to this Order to advise the allowed persons to whom Confidential Discovery Materials are made available of the terms of this Order.

8. Allowed Persons to whom access to Confidential Discovery Material(s) is given pursuant to this Order shall keep such materials or information secure in accordance with the purposes and intent of this Order. The parties' attorneys shall make reasonable efforts to ensure that any copies of materials marked "CONFIDENTIAL" that are provided to an expert witnesses, expert consultants, and non-party witnesses are returned by the expert/witness to the attorneys at the conclusion of the case.

9. If a party wishes to use any Confidential Information, or any papers containing or revealing the nature of the contests of such

Confidential Information, in any pleading or document filed with the Court in this case, the party shall file a request seeking leave to file the Confidential Information under seal pursuant to the Rules.

10. Nothing in this Order shall:

   a. Limit any party in the introduction of evidence subject to the Designating Party's right to seek further protection from the Court or otherwise object to the admissibility of any evidence;

   b. Preclude a party or non-party from seeking additional protection;

   c. Apply to the disclosure of protected material at trial as the closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. Such issues may be taken up as a separate matter upon motion.

**SO ORDERED**, this 25th day of February, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA